IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GREG ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>GARY HERBERT, SEAN REYES, THIRD DISTRICT COURT, and EIGHTH DISTRICT COURT,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:15-cv-00083<br><br>United States District Court<br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This case is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636 (b)(1)(B) referral from District Court Judge Robert Shelby (doc. 15).

On February 5, 2015, Plaintiff Greg Anderson ("Mr. Anderson") filed his pro se "Verified Complaint For Declaratory Judgment, Injunctive Relief And Denial Of Due Process" against Defendants Governor Gary Herbert, Utah Attorney General Sean Reyes, the Third District Court and the Eighth District Court (collectively "Defendants") (doc. 1).   In response, Defendants filed the currently pending motion to dismiss for failure to state a claim on which relief may be granted (doc. 8)

## II.  MR. ANDERSON'S "VERIFIED COMPLAINT"

The following facts are taken from the complaint and viewed in a light most favorable to Mr. Anderson.  *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs,* 633 F.3d 1022, 1025 (10th Cir. 2011); *see also Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002) (citation omitted) (explaining the court "must view all reasonable inferences in favor of the plaintiff, and the

pleadings must be liberally construed")).

The allegations set forth in Mr. Anderson's complaint can be divided into two main events:  (1) allegations relevant to eviction proceedings brought by Daniel Kitchen against Mr. Anderson (doc. 1, ¶¶5-42); and (2) allegations regarding a partnership agreement dispute between Mr. Anderson, Daniel Kitchen and Matthew Kitchen (collectively, the "Kitchens") (doc. 1, ¶¶43-88).  Each event is addressed herein.

**1. The Eviction**

On June 13, 2005, Mr. Anderson agreed to purchase a home from Daniel Kitchen for $105,000 (doc. 1, ¶¶7-10).  Although a formal purchase agreement was never signed,  Mr. Anderson moved into the home and proceeded to make improvements (replacing the roof, installing bathrooms and a kitchen) that increased the value of the home (doc. 1, ¶15, ¶¶20-21). On September 5, 2008, Mr. Kitchen filed a lawsuit in the Eight District Court, District of Utah, seeking to evict Mr. Anderson from the home (doc. 1, ¶24, *see also* doc. 8-1; Kitchen v. Anderson, Case No. 080800143).  In that case, Eighth District Court Judge John R. Anderson ("Judge Anderson") denied Mr. Anderson's motion to dismiss and granted an eviction order against him requiring that possession of the home be given to Daniel Kitchen (doc. 1, ¶31, ¶40-41, doc. 8-1, doc. 8-2).[1]

---

[1] Judge Anderson reserved issues regarding unpaid rent, unjust enrichment and attorney fees for trial.  The case currently remains pending (doc. 8, doc. 8-1).

2.  The Partnership[2]

On September 5, 2005, Mr. Anderson and the Kitchens agreed to enter into a partnership agreement to rent manufactured homes (doc. 1, ¶45).[3]  Under the agreement, Mr. Anderson was charged with finding and overseeing the property construction, while the Kitchens provided the money "necessary to purchase the properties, and fund the development and construction costs of all the projects" (doc. 1, ¶¶55-56).  In December of 2007, Mr. Anderson and the Kitchens "got into an argument" regarding project funding and unpaid contractors (doc. 1, ¶79).  Thereafter, the Kitchens deposited $10,00.00 into Mr. Anderson's account to pay the contractors (doc. 1, ¶¶81-83).  At the same time that the Kitchens were depositing money into Mr. Anderson's account, Daniel Kitchen was forming Roosevelt Hills LLC "and deeding major partnership properties to that entity, without [Mr.] Anderson's consent or knowledge." (doc 1, ¶84).

Based upon these two distinct events, Mr. Anderson asserts a cause of action against the Kitchens' attorneys for "Fraud Upon The Court Law" (doc. 1, ¶¶289-295), and a cause of action against "lawyers and judges" for "Deny [sic] Of Due Process" (doc. 1, ¶316).  Mr. Anderson requests relief related thereto in the form of a declaratory judgment on the issues of res judicata, eviction, judicial proceeding privilege as well as "any other issue that defendants in the state

---

[2]Mr. Anderson's allegations related to the partnership agreement are located in a portion of the pleading entitled "The Partnership Agreement Facts" (doc 1, ¶¶43-88).

[3]It is unclear if a partnership agreement between the parties was ever formalized. Although Mr. Anderson states that he and the Kitchens "agreed to a partnership agreement" (doc. 1, ¶45), he also indicates that "Dan Kitchen told [Mr.] Anderson on many occasions that he would sign the agreement, but never did." (doc. 1, ¶49).  Additionally, Mr. Anderson states that he attempted to amend the partnership agreement in order to include other Kitchen family members—Lynn Kitchen, Gary Kitchen and Mark R. Kitchen— but the agreement was never "formally acknowledged" by those individuals (doc. 1, ¶48).

cases may claim as the state trial proceeds" (doc. 1, ¶¶ 303-304), and for unspecified injunctive relief (doc. 1, ¶¶309-314).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When reviewing a motion under Rule 12(b), "all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in a light most favorable to the plaintiff as the nonmoving party." *Mglej v. Garfield County,* 2013 U.S. Dist. 90438 *3 (D. Utah July 1, 2014) (*citing GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir. 1997)); Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must contain sufficient facts to make the claim "plausible on its face." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqubal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Ultimately, the function of the court is not to "weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).

### IV. ANALYSIS

Upon review, the court concludes that dismissal of Mr. Anderson's complaint is appropriate for failure to state a claim against the named Defendants sufficient to meet the requirements of Federal Rule of Civil Procedure 8.

**Mr. Anderson Fails To State Claims Against The Named Defendants**

Rule 8 of the Federal Rules of Civil Procedure requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief."). In order to state a viable federal claim the "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F. 3d 1158, 1163 (10th Cir. 2007). Absent these basic elements defendants lack sufficient information to prepare a defense and the court lacks sufficient clarity and specificity for purposes of adjudication. *Id.*

Here, Mr. Anderson's "Verified Complaint" names Utah Governor Gary Herbert ("Governor Herbert"), Utah Attorney General Sean Reyes ("Attorney General Reyes"), the Third District Court and the Eighth District Court as Defendants (doc. 1). Despite being named as Defendants, the factual allegations asserted against these parties are exceedingly spare. Defendant Governor Herbert and Defendant Attorney General Reyes are only mentioned once in the entire sixty three page complaint.[4] Similarly, there are no direct allegations made against the Third District Court or the Eight District Court. And, while Mr. Anderson alleges that an

---

[4] In an introductory paragraph, Mr. Anderson refers to Governor Herbert and Attorney General Reyes' duty to faithfully execute the laws of the state (doc. 1, p. 2). Specifically, that portion of the complaint reads: "[a]s Governor and Attorney General of the state of Utah, Gary Herbert and Sean Reyes have a duty to see that the laws are faithfully executed, (Utah Constitution, Article VII Sec 5). The Attorney General of Utah has a duty to advise the Governor and other officials as to the law, (Utah Constitution Article VII Sec 16)" (doc. 1, p.2).

"Eighth District Court judge" acted negligently in failing to follow Utah's rules of civil procedure, that allegation appears to refer to facts stemming from a separate litigation between Mr. Anderson and the Kitchens that is not currently before this court.[5] Instead, all factual allegations offered by Mr. Anderson address disputes between himself and the Kitchens–individuals who are not named as defendants— and no factual allegations are offered in support of the named defendants.

It is not the function of this court to incorporate or "supply additional factual allegations [in order] to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v New Mexico,* 113 F. 3d 1170, 1173-74 (10th Cir. 1997). The court concludes that Mr. Anderson's "Verified Complaint" fails to comport with the requirements of Rule 8 or provide any factual support for the causes of action stated. Accordingly, dismissal for failure to state a claim is appropriate.[4]

---

[5]As outlined in Defendants' motion, the litigation history between Mr. Anderson and the Kitchens is robust. *See Daniel Kitchen v. Greg Anderson,* Case No. 080800143, Eighth District Court (doc. 8-1); *Anderson v. Kitchen,* Case 2:09-cv-00362-TC, District of Utah (doc. 8-3); *Anderson v. Kitchen,* 389 Fed. Appx. 838, 2010 U.S. App. LEXIS 15840 (10th Cir. 2010); *Anderson v. Kitchen,* Case No. 110914438, Third District Court (doc. 8-7); *Anderson v. Kitchen,* Case No. 140908017, Third District Court (doc. 8-10).

[4]Defendants' interpret Mr. Anderson's complaint as stating a § 1983 claim and as a result support dismissal of the pleading under Eleventh Amendment sovereign immunity (doc 8, doc. 14 ). The court disagrees. Prior to reaching any § 1983 or Eleventh Amendment analysis, it is necessary to address the procedural deficiencies of the complaint itself. Thus, while the Eleventh Amendment generally bars claims against the State and its officials, Mr. Anderson's complaint is factually devoid of any allegations against the named State defendants and therefore an Eleventh Amendment analysis is premature.

**Mr. Anderson May Amend His Complaint**

As a pro se litigant, the court is required to construe Mr. Anderson's pleadings liberally. *See Riddle v Mondragon,* 83 F. 3d 1197, 1202 (10th Cir. 1996); *see also Hall v. Belmon,* 935 F.2d 1106, 1110 (10th Cir. 1992) (*citing Haines v. Kerner,* 404 U.S. 519, 520-21, 30 L.Ed. 2d 652, 92 S. Ct. 594 (1972)). Under such circumstances, the preferred practice is to allow a pro se litigant an opportunity to amend their pleadings in order to cure defective or insufficient allegations. *See McKinney v. Oklahoma, Dep't of Human Services,* 925 F. 2d 363, 365 (10th Cir. 1991).

In accordance with this practice, the Court hereby grants Mr. Anderson fifteen (15) days from the date of this Order to file an amended pleading addressing the deficiencies of his complaint. Failure to do so shall result in a recommendation to the District Court of immediate dismissal for failure to state a claim.

DATED this 30th day of June, 2015.

_____
Dustin B. Pead
U.S. Magistrate Judge