**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| **GREG ANDERSON**, <br><br> **Plaintiff,** <br><br> **v.** <br><br> **GARY HERBERT, SEAN REYES, the THIRD DISTRICT COURT, the EIGHTH DISTRICT COURT, the UTAH COURT OF APPEALS, CLARK A. McCLELLAN in both his individual and official capacity, DANIEL KITCHEN, JAMES L. AHLSTROM, TERRY WELCH, LYNN KITCHEN, GARY KITCHEN, MATTHEW J. KITCHEN, MARK R. KITCHEN, SAND BAY LLC, SUN LAKE LLC, ORCHID BEACH LLC, and ROOSEVELT HILLS LLC,** <br><br> **Defendants.** | **REPORT & RECOMMENDATION** <br><br> **Case No. 2:15-cv-00083** <br><br> **United States District Court Judge Robert J. Shelby** <br><br> **Magistrate Judge Dustin B. Pead** |

## I.  INTRODUCTION

This case is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636 (b)(1)(B) referral from District Court Judge Robert Shelby. (ECF No. 15.)

On December 20, 2016, Judge Shelby consolidated *Anderson v. McClellan,* case number 2:16-cv-271-RJS, into the above entitled case, and instructed Plaintiff Greg Anderson (Plaintiff or Anderson) to file a consolidated pleading to include all of the claims that Anderson intended to continue prosecuting. (ECF No. 77.) In addition, the District Court deemed all pending motions, filed in both this case and the consolidated case, moot. (*Id.*)

Thereafter, on January 5, 2017, Plaintiff filed a one hundred twenty page "Verified

Consolidated Complaint" against Defendants Gary Herbert, Sean Reyes, Clark McClellan, the Third District Court, the Eight District Court, the Utah Court of Appeals (collectively, the "State Defendants"), and Defendants Daniel W. Kitchen, James L. Ahlstrom, Terry Welch, Lynn Kitchen, Gary Kitchen, Matthew J. Kitchen, Mark R. Kitchen, Sand Bay LLC, Sun Lake LLC, Orchid Beach LLC, and  Roosevelt Hills LLC (collectively, the "Private-Party Defendants"). (ECF No. 78.)

## II. LITIGATION HISTORY

The consolidated pleading is the latest in a series of collateral attacks mounted by Anderson against a 2008 eviction order (the "Eviction Lawsuit") issued against him. The Eviction Lawsuit was brought by Defendant Daniel Kitchen (Kitchen) in the Eighth District State Court. (ECF No. 78, ¶¶ 377-390), and a final judgment was entered on June 16, 2015. (ECF No. 86-2.)[1]

Private-Party Defendants identify five prior actions brought by Anderson in response to the Eviction Lawsuit. (ECF No. 86.) Given this court's discretionary authority to judicially notice earlier portions of the same or similar proceedings, the court adopts Defendants' comprehensively outlined litigation history and takes judicial notice of the underlying cases and matters of public record as set forth in the Private-Party Defendant's motion. *See United States v.*

---

[1] On April 7, 2017, Anderson's five post judgment relief motions, (1) Motion for New Trial, (2) Amended Motion for New Trial, (3) Motion that the Judge in the Case Agree to Personally Review the Law, (4) Motion that Court Declare Judgement Void and (5) Amended Motion that Court Declare Judgment Void, were denied leaving Plaintiff's eviction as the final judgment which he did not appeal. (ECF No. 86-3.)

*Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985).[2] Given the procedural relevance of the prior lawsuits to the current action, the court takes a moment to cursorily address Anderson's five earlier actions.

### Prior Related Actions Filed By Anderson.

On April 24, 2009, Anderson filed a federal civil rights lawsuit against the Private-Party Defendants in the United States District Court for the District of Utah (Case Number 2:09-cv-00362) (the "First Action"). (ECF No. 86-4.) The District Court dismissed the First Action (ECF No. 86-5), and Plaintiff appealed the dismissal to the Tenth Circuit Court and the United States Supreme Court. Both appeals were denied. (ECF No. 86-6.)

On June 15, 2011, Plaintiff filed a complaint against Private-Party Defendants in the Third District Court for the State of Utah (Case Number 110914438) (the "Second Action"). (ECF No. 86-7.) In the Second Action, the State Court granted summary judgment in favor of the non-attorney Private-Party Defendants and dismissed the attorney Private-Party Defendants from the case. (ECF No. 86-9, ECF No. 86-10, ECF No. 86-11.) On November 24, 2014, Anderson filed another complaint against Private-Party Defendants in the Third District Court for the State of Utah. (Case Number 140908017) (the "Third Action"). (ECF No. 86-13.) The State Court dismissed the Third Action and entered a final judgment on July 6, 2015. (ECF No. 86-15, ECF No. 86-16.)

On February 5, 2015, Anderson filed his currently pending federal action against Defendants in the United States District Court for the District of Utah (Case Number 2:15-cv-

---

[2]*See also infra* pg. 5-6.

0083) (the "Fourth Action"). (ECF No. 86-17.) In the Fourth Action, Plaintiff alleged the Private-Party Attorney Defendants defrauded the Eighth and Third District State Courts in violation of Anderson's due process rights. (*Id.*) On November 9, 2015, the Magistrate Judge issued a Report, recommending that the District Court dismiss Plaintiff's complaint. (ECF No. 24.)[3]

Most recently, on April 5, 2016, Anderson filed his pending federal action against Private-Party Defendants in the United States District Court for the District of Utah (Case No. 2:16-cv-00271) (the "Fifth Action"). (ECF No. 86-19.) On December 20, 2016, the District Court consolidated the Fourth and Fifth actions and ordered Anderson to file an Amended Consolidated Complaint (Case Number 2:15-cv-00083) ("Consolidated Action"). (ECF. No. 77, ECF No. 78.)

### III.  PENDING MOTIONS

Currently pending are Private-Party Defendants and State Defendants' motions to dismiss Anderson's consolidated complaint. (ECF No. 86, ECF No. 88.)

In his consolidated complaint Anderson alleges Kitchen, along with Kitchen's family members, businesses and attorneys, tricked Eighth and Third District State Court judges and violated Plaintiff's due process rights. In addition, Anderson claims: (1) the State Courts and Private-Party Defendants conspired to violate Anderson's constitutional rights (ECF No. 78, ¶¶ 346-348); (2) Defendant Gary Herbert (Herbert) and Defendant Sean Reyes (Reyes) failed to conduct an investigation into his eviction and into the lawyers representing Kitchen (ECF No. ¶¶ 493-507); and (3) Defendant Clark McClellan (McClellan) abused his office by allowing the

---

[3]Anderson filed a timely objection to the Magistrate Judge's Report and Recommendation. (ECF No. 25.) Prior to ruling on the objection, the District Court consolidated Anderson's fourth and fifth actions and deemed all pending motions or objections moot. (ECF No. 77.)

word "judge" to appear in front of his name in a Third District Court pleading in a case where Anderson sued McClellan for acts that McClellan had undertaken as a private attorney. (ECF No. 78, ¶¶ 298-302.)

Plaintiff does not seek damages from State Defendants in their official capacities. Instead, Anderson's claims for declaratory and injunctive relief demand that the State Courts render lawful orders (ECF No. 78, pg. 100-110, 117) and declare Utah's Rules of Civil Procedure unconstitutional. (*Id.*, ¶¶ 388-340.)

## IV.  STANDARDS OF REVIEW

In light of the pending motions and the relevance of Anderson's prior litigation, the court addresses the standard of review for both motions to dismiss and taking judicial notice of matters outside the pleadings.

### Standard Of Review For Motions To Dismiss.

When considering a motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007 ); *see also Mglej v. Garfield Cnty.,* 2013 U.S. Dist. 90438 *3 (D. Utah July 1, 2014) (*citing GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir. 1997).

In order to survive dismissal, a complaint must contain facts sufficient to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009)

5

(internal quotations and citations omitted). Ultimately, the function of the court is not to "weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).

### Standard Of Review For Judicial Notice Of Matters Outside The Pleadings.

In general, if a court is asked to consider matters outside the scope of the pleadings, it is required to convert the motion for dismissal into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

A court is not, however, required to convert a motion to summary judgment if it is considering public records for which the court may take judicial notice. *See Armstrong v. JP Morgan Chase Bank Nat. Ass'n.,* 635 Fed. Appx. 909, 911 (10th Cir. Colo. Dec. 14, 2015) (unpublished) ("A court may consider facts subject to judicial notice— including facts that are a matter of public record, such as documents filed in other litigation— without converting a motion to dismiss into a motion for summary judgment."); *see also Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). Further, it is within the court's discretionary authority to judicially notice earlier portions of the same or similar proceedings. *See United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985); *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system if those proceedings have a direct relation to matters at issue.").

# V. ANALYSIS

In reviewing the pending motions, all facts are taken from Anderson's consolidated complaint and viewed in a light most favorable to the Plaintiff. *See Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs.,* 633 F.3d 1022, 1025 (10th Cir. 2011); *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002) (citation omitted) (explaining court "must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed."). As a pro se litigant, the court is required to construe Mr. Anderson's pleadings liberally. *See Riddle v. Mondragon,* 83 F. 3d 1197, 1202 (10th Cir. 1996); *see also Hall v. Belmon,* 935 F.2d 1106, 1110 (10th Cir. 1992) (*citing Haines v. Kerner,* 404 U.S. 519, 520-21, 30 L.Ed. 2d 652, 92 S. Ct. 594 (1972).

As an initial matter both Private-Party Defendants and State Defendants assert Anderson is unable to establish federal jurisdiction and, as a result, his complaint should be dismissed. *See* Fed. R. Civ. P. 12(b). Federal jurisdiction is limited, and consequently "'there is a presumption against [this court's] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" *Marcus v. Dept. of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999) (*quoting Penteco Corp. Ltd. v. Union Gas. Sys., Inc.* 929 F.2d 1519, 1521 (10th Cir. 1991).

Upon consideration, this court concludes it lacks jurisdiction over all of Anderson's claims seeking review of state court judgments and accordingly recommends dismissal on this ground.

### The Rooker Feldman Doctrine Divests This Court Of Subject Matter Jurisdiction Over Plaintiff's Claims Requiring Review Of State Court Judgments.

Plaintiff complains of injuries caused by what he believes were wrongfully entered state court judgments. Pursuant to 28 U.S.C. §1257 and the *Rooker Feldman* doctrine, this court lacks

subject matter jurisdiction to hear any claims seeking review of state court judgments.

28 U.S.C. Section 1257 states:

[f]inal judgments or decrees rendered by the highest court of a State in which a  decision could be had, may be reviewed by the Supreme Court by writ of certiorari.

28 U.S.C. §1257(2). Under the plain language of the statute, all final judgments or decrees of the highest court of a State may only be reviewed by the United States Supreme Court and any "United States District Court is without authority" to do so. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In this case, Anderson failed to fully pursue his state court remedies or to follow the jurisdictional requirements of 28 U.S. C. §1257 and consequently this court lack subject matter jurisdiction over his claims.

Additionally, in response to litigants' attempts to re-litigate failed state court claims, the Supreme Court articulated the *Rooker-Feldman* doctrine. *Feldman* 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S. Ct. 49, 68 L.Ed. 362 (1923.)  Under *Rooker-Feldman*, "state-court losers complaining of injuries caused by state-court judgments" may not bring a federal action to remedy those injuries. *Exxon v. Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed. 2d 454 (2005); *Knox v. Bland,* 632 F.3d 1290, 1292 (10th Cir. 2011); *Tal v. Hogan*, 453 F.3d 1224, 1255-56 (10th Cir. 2006). The doctrine broadly applies to both temporary and non-final orders, *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004),[4] as well as §1983 claims, *Facio v. Jones,* 926 F.2d 541,

---

[4]The claims set forth in Anderson's complaint stem from the Eviction Lawsuits' December 3, 2008, Findings of Fact and Conclusions of Law (ECF No. 86-2), and Orders issued in the Second Action on March 13, 2012 and June 4, 2015. (ECF No. 86-9.) When Plaintiff originally filed this action on February 5, 2015 (ECF No. 1) the allegedly improper orders had

544 (10th Cir. 1991)[5], and operates to deny any federal court, other than the United States

Supreme Court, jurisdiction to consider "claims actually decided by a state court" or claims that

are "inextricably intertwined with a prior state-court judgment." *Tal* 453 F.3d at 1256 (10th Cir.

2006) (*citing Kenman Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (internal

citation and quotations omitted). A claim is considered to be "inextricably intertwined if the state

court judgment caused, actually and proximately, the injury for which the federal-court plaintiff

seeks redress." *Id.* (*citing Kenman Eng'g.* 314 F.3d at 476).

Although *Rooker-Feldman* does not bar claims seeking prospective injunctive and

declaratory relief, it does bar claims requiring a federal district court to review and reject state

court judgments. *PJ Ex Re. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). Under the

doctrine,"[b]arred claims are those [claims] 'complaining of injuries caused by state court

judgments.' In other words, an element of the claim must be that the state court wrongfully

entered its judgment." *Campbell v. City of Spencer,* 682 F.3d 1278, 1283 (10th Cir. 2012 )

(*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1527,

161 L. Ed. 2d 454 (2005).

The thrust of Anderson's consolidated complaint is to overturn the eviction issued by

Eighth District Court as well as the orders of the Third District Court and the Utah Court of

Appeals both of which turned aside his collateral attacks on the eviction. Anderson's claims,

however, have either already been decided by the Eighth and Third District Courts, or are

already been issued, despite final judgments not being entered until later.

[5]*See Anderson v. State of Colo.* 793 F.2d 262, 263 (10th Cir. 1986) (*Rooker-Feldman* bars §1983 claim seeking to reverse or modify a state court judgment where issues could have been reviewed on direct appeal by the state appellate courts.).

inextricably intertwined with his serial state court litigation. Thus, after the Eighth and the Third

District Courts decided Anderson's claims, his remedy to contest those rulings was to appeal

them to Utah's appellate courts and then to the United States Supreme Court. At this juncture, for

this court to engage in any adjudication of Anderson's claims would improperly require it to

"effectively act as an appellate court reviewing the state court disposition." *Merrill Lynch Bus.*

*Fin. Servs. v. Nudell*, 363 F.3d 1072*, 1075 (10*[th] *Cir. 2004) ; see also Dist. of Columbia Court of*

*Appeals v. Feldman,* 460 U.S. 462,483 n. 16, 75 L.Ed. 2d 206, 103 S. Ct. 1303 (1983) (Under the

Rooker-Feldman doctrine, "lower courts possess no power whatever to sit in direct review of

state court decisions.").

Anderson attempts to evade *Rooker-Feldman* by arguing that he commenced his lawsuit

prior to the entry of final judgments in the state court litigation and therefore the doctrine does

not apply. (ECF No. 92.) Plaintiff's claim fails. Anderson's consolidated complaint, which adds a

new party and new claims, was filed on January 5, 2017----well after the conclusion of the state

court litigation.[6] Further, as a matter of policy,  it would be inappropriate to allow Anderson to

circumvent application of *Rooker-Feldman* simply by filing federal lawsuits prior to the entry of

final judgment in state court cases. *See McDonald v. J.P. Morgan Chase Bank, N.A.,* 2014 U.S.

Dist. LEXIS 11574 *12 (D. Colo. Jan. 29, 2014) (*citing D.A. Osguthorpe Family Partnership v.*

*ASC Utah, Inc.,* 705 F.3d 1223, 1232 (10th Cir. 2013).

_____

[6]Final judgment was entered in the Eviction Lawsuit on June 16, 2015 (ECF No. 86-2),
and final judgments in the Second Action were entered on April 13, 2016 and May 31, 2016.
(ECF No. 86-10.) The Utah Court of Appeals affirmed the judgments on August 30, 2016. (ECF
No. 86-12.) Final judgment in the Third Action was entered on July 6, 2015 (ECF No. 86-16),
and Anderson's consolidated complaint was filed on January 5, 2017. (ECF No. 78.)

In this case, Anderson's claims are inextricably intertwined with his prior state-court judgments. As a result, Plaintiff is barred from seeking appellate review of those state court judgments through this action filed in the United States District Court. Accordingly, the court recommends dismissal of all Plaintiff's claims against Private-Party and State Defendants seeking this court's review of previously issued state court judgments.

### Private-Party Defendants' Motion To Dismiss

In addition to lack of jurisdiction, the court recommends dismissal of Anderson's claims against Private-Party Defendants because: (1) they did not act under color of state law; (2) the claims are barred by the judicial proceeding privilege; and (3) claims arising prior to April 5, 2012 are barred under the applicable statute of limitations.

Where necessary for purposes of clarity, the court divides the Private-Party Defendants into two main groups: (1) the Private Party Non-Attorney Defendants which includes Daniel Kitchen, Lynn Kitchen, Matthew Kitchen, Mark Kitchen, Sand Bay, LLC, Sun Lake, LLC, Orchid Breach, LLC and Roosevelt Hills LLC; and (2) the Private Party Attorney Defendants who are attorneys licensed in the State of Utah and include James L. Ahlstrom, Terry E. Welch and Clark A. McClellan, in his individual capacity.

**Private-Party Defendants Did Not Act Under Color Of State Law
And Therefore May Not Be Held Liable Under 42 U.S.C. §1983.[7]**

42 U.S.C. §1983 "provides a  federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S. Ct. 1292, 143 L.Ed. 2d 399 (1999). To state a cause of action under 42 U.S.C. §1983,

> [f]irst, the plaintiff must prove that the defendant has deprived him of a right
> secured  by the "Constitution and laws" of the United States. Second, the
> plaintiff must show that the defendant deprived him of this constitutional right
> "under color of any statute, ordinance, regulation, custom, or usage, of any
> State or Territory." This second element requires that the plaintiff show the
> defendant[s] acted "under color of law." *Yanaki v. Iomed, Inc.,* 319 F. Supp.
> 2d 1261, 1264 (D. Utah Mar. 11, 2004) (*citing Adickes v. S.H. Kres & Co.*,
> 398 U.S. 144, 150, 26 L.Ed. 2d 142, 90 S. Ct. 1598) (1970)*.*

Liability under §1983 attaches "to conduct occurring under color of state law, and conduct constituting 'state action' under the Fourteenth Amendment satisfies this requirement." *Anderson v. Kitchen*, 389 Fed. Appx. 838, 840 (10th Cir. 2010) (unpublished) (*citing Lugar,* 457 U.S. at 935, n.18 (1982).[8] "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (*quoting Blum v.*

---

[7]Anderson's complaint alleges claims under the Fourteenth Amendment, Fourth Amendment and a general violation of "free speech", not 42 U.S.C. §1983. The distinction, however, is meaningless in the context of state action because "the statutory requirement of action 'under color of law' and the 'state action' requirement of the Fourteenth Amendment are identical." *Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 929, 102 S. Ct. 2744, 73 L.Ed. 2d. 482 (1982); *see also Salazar v. City of Commerce City,* 553 F. App'x 692, 694 (10th Cir. 2013) (applying § 1983 to freedom of speech claims); *Becker v. Kroll*, 494 F.3d 904, 915 (10th Cir. 2007) (applying § 1983 to Fourth Amendment claims).

[8]Absent state action, the §1983 inquiry ends and consequently it is often prudent for the court to analyze the state action element of the inquiry first. *See Gilmore v. Salt Lake Cmty. Action Program,* 710 F.2d 632, 637 (10th Cir. 1983).

*Yaretsky*, 457 U.S. 991, 1002,, 102 S. Ct. 2777, 73 L.Ed. 2d 534 (1982) (citation omitted). While

private conduct can constitute state action, in order to do so it must be "fairly attributable to the

State." *Lugar,* 457 U.S. at 937 (1982); *see also Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).

Anderson seeks to establish state action by alleging Private-Party Defendants violated his

due process rights through their involvement in the underlying legal proceedings and by acting

"in concert" with the Eighth District Court in the Eviction Lawsuit. (ECF No. 78, ¶¶274-279;

ECF No. 91.)[9] Private-Party Defendants, however, are not state actors and their participation in

lawsuits involving Anderson may not be fairly attributed to the state. *See Anderson v. Kitchen,*

389 F. App'x 838, 841 (10th Cir. 2010) (unpublished) ("defendants' actions in allegedly

misleading a state court judge did not constitute joint action between defendants and the judge.");

*See also Reid v. Klein, Read v. Klein*, 1 Fed. Appx. 866, 871 (10th Cir. Jan. 9, 2001)

(unpublished) (*citing* 1 Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation: Claims,*

*Defenses, and Fees,* § 5.14, at 291 (2d ed. 1998) ( finding a private party's "mere invocation of

state legal procedures" does not form joint participation and thereby establish state action); *Hoai*

*v. Vo,* 935 F.2d 308, 313 (D. C. Cir. 1991) ("mere recourse to state or local court procedures does

not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability

---

[9]Anderson does not expressly allege that the Third and Eighth District Court judges deprived him of due process in concert with the Private-Party Defendants. Yet, under a liberal reading of the complaint Plaintiff could appear to allege that the Utah State Courts deprived him of due process. When a party in a §1983 action attempts to assert state action by implicating state officials or judges in a conspiracy with private party defendants, there is a heightened pleading requirement mandating more than conclusory allegations without factual averments. *See Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983) (*citing Clulow v. Oklahoma,* 700 F.2d 1291, 1301 (10th Cir. 1983). Rather, the pleadings "must specifically present facts tending to show agreement and concerted action." *Scott,* 216 F.3d 897, 907 (10th Cir. 2000).

under section 1983.").[10]

Similarly, Plaintiff is unable to establish state action simply because the Private-Party Defendants obtained legal orders with which Anderson disagrees. *See Yanaki v. Iomed, Inc.,* 415 F.3d 1204, 1208-09 (10th Cir. 2005); *Torres v. First State Bank of Sierra Cnty.*, 588 F.2d 1322, 1326-27 (10th Cir. 1978). And, the "vast weight of authority" holds that attorneys are not state actors merely by virtue of their status as officers of the court. *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983); *see also Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998) (attorney not a state actor); *Hoai,* 935 F.2d at 313 (D.C. Cir. 1991).

In his pleading, Anderson makes the unsupported claim that Defendant McClellan (McClellan) participated as a "state actor" when a motion filed in the Second Action referenced McClellan in his position as a state court judge. (ECF No. 86-22.) The reference relied upon by Plaintiff, was made by the Kitchen Defendants, not by McClellan, and there is no indication that reference to the title "judge" somehow impacted dismissal of Anderson's claims. To the contrary, a reading of the Third District Court's March 15, 2012 Ruling and Order indicates Anderson's claims were dismissed because: (1) Plaintiff sought to make an improper collateral attack on the Eviction Lawsuit; (2) the judicial proceedings privilege applied to the Attorney Defendants' actions; and (3) Plaintiff acted in bad faith. (ECF No. 86-9.)

Ultimately, other than vague and unsupported references to alleged misrepresentations,

---

[10]Indeed, the Tenth Circuit previously held that Anderson's allegations of misleading a state court judge did not constitute state action. *See Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) (unpublished) (*citing Yanaki v. Iomed, Inc.,* 415 F.3d 1204, 1209 (10th Cir. 2005) ("[t]o hold otherwise would open the door wide to every aggrieved litigant in a state court proceedings, and set the federal courts up as an arbiter of the correctness of every state decision.").

14

Anderson fails to raise any specific joint action that is sufficient to support his claim that Private-Party Defendants' conduct is attributable to the state. (ECF No. 78, ¶ 274.) Anderson does not assert any supportable claims for state action and his claims against the Private-Party Defendants fail.

### Plaintiff's Claims Against Private Party Attorney Defendants Are Barred Under The Judicial Proceedings Privilege.

Plaintiff's claims against Private-Party Attorney Defendants are also barred by the common law judicial proceedings privilege. The privilege extends to claims stemming from an attorney's conduct or communications made in the course of the attorney's representation of a client. *See Moss v. Parr Waddoups Brown Gee & Loveless,* 2012 UT 42, ¶36, 285 P.3d (*citing Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 77, 70 P.3d 17).

To determine if a statement falls under the judicial process privilege, Utah courts apply a three pronged test under which "the statement must be (1) made during or in the course of a judicial proceeding; (2) have some reference to the subject matter of the proceeding; and (3) be made by someone acting in the capacity of judge, juror, witness, litigant or counsel." *Krouse v. Bower*, 2001 UT 28, ¶8, 20 P.3d 895 (internal quotation and citation omitted). The common law privilege has been applied to federal claims, including claimed violations of 42 U.S.C. §1983. *See Williams v. Westbrook Psychiatric Hosp.,* 420 F. Supp. 322, 323 (E.D. Va. 1976) (judicial proceeding privilege applied to statements made in court by licensed psychiatrist for purposes of determining if plaintiff should be committed). Of note, the privilege is not absolute, and immunity may be lost where an attorney "has committed fraud or otherwise acted in bad faith, which is inherently 'acting in a manner foreign to his duties as an attorney.'" *Moss* 2012

UT 42, ¶37 (*citing Taylor v. McNichols,* 149 Idaho 826, 243 P.3d 642, 655) (Idaho 2010).

Anderson seeks to evade the privilege by asserting that the Eighth District Court and Private-Party Attorney Defendants colluded to misrepresent the law thereby committing fraud upon the court. (ECF No. 78, ¶275.) In doing so, Anderson does not assert that Private-Party Attorney Defendants were acting outside the scope of representation or in furtherance of their own interests instead of their clients' interests. *See Moss* 2012 UT 42, ¶43 (despite what Plaintiff alleged in the complaint, "it appears that [Defendant's] attorneys at all times acted in [client's] interests. . . ."). Here, the actions of the Private-Party Attorney Defendants' were made in the course of the judicial proceedings and occurred within the scope of the attorneys' representation of their clients. (ECF No. 86-9.) Thus, the judicial process privilege applies and bars Anderson's claims against Private-Party Attorney Defendants.

### Plaintiff's Claims Arising Prior To April 5, 2012 Are Barred By The Statute Of Limitations Period.

In Utah, §1983 claims are governed by the four year statute of limitations period. *See Jenkins v. Utah Cty. Jail,* 2015 U.S. Dist. LEXIS 4231 (D. Utah Jan 13, 2015), *appeal dismissed* (Sept. 1, 2015) (*citing Arnold v. Duchesne Cnty.*, 26 F.3d 982, 986 (10th Cir. 1994); *See also Garza v. Burnett,* 672 F.3d 1217, 1219 (10th Cir. 2012) (*citing* Utah Code Ann. § 78B-2-307(3) ("An action may be brought within four years . . . for relief not otherwise provided for by law.") Actions brought under §1983 accrue on the date of the constitutional violation. *See Garza,* 672 F.3d at 1219 (10th Cir. 2012) (*citing Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007).

Plaintiff alleges he was denied due process by Private-Party Defendants in both the

Eviction Lawsuit and the Second Action. (ECF No. 78, ¶¶110-121.) However, the judgments in both actions were issued after April 5, 2012 and to the extent that any of Anderson's claims arise from statements made or actions taken by Private-Party Defendants prior to April 5, 2012, such claims are time barred.

Anderson further argues that the four year limitations period does not apply to his §1983 claims because the Eighth District Court's eviction judgment is void as a matter of law due to violation of due process and lack of jurisdiction. (ECF No. 91.) More specifically, Anderson claims he was denied due process when the Eighth District Court violated the procedural requirements of the Utah Rules of Civil Procedure and Utah Code Ann. § 78B-6-810.[11]

Voidness may be established for lack of jurisdiction or if a court acts in a manner that is inconsistent with due process. *See V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224-225 (10th Cir. 1979) ("For a judgment to be void . . . , it must be determined that the rendering court was powerless to enter it."); *See also,* 7 Moore's Federal Practice P 60.25(2) (2d ed. 1978). Here, to the extent that Anderson believes the eviction judgment is void because it is somehow incorrect, his argument fails. A judgment is not "void merely because it is or may be erroneous." *V.T.A., Inc.,* 597 F.2d at 224 (10th Cir. 1979) (*citing Marshall v. Bd. of Educ.,* 575 F.2d 417, 422 (3d Cir. 1978). In addition, Plaintiff's reliance upon state statutes to determine what process he is due as a matter of federal constitutional law is misplaced. *Hulen v. Yates,* 322 F.3d 1229, 1247 (10th Cir. 2003) ("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the [state] statute."); *Mangels v.*

---

[11]Utah Code Annotated § 78B-6-810 is the State of Utah's unlawful detainer statute.

*Pena,* 789 F.2d 836 (10th Cir. 1986) ("A failure to comply with state or local procedural requirement does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause."). Consequently, the procedural requirements of the Utah Rules of Civil Procedure and Utah Code Ann. 78B-6-810 are irrelevant to a determination of whether Anderson received procedural due process as a matter of law.[12]

For these reasons, Anderson's claim that the Eviction Lawsuit judgment is void fails and to the extent that any of Anderson's claims arise from statements made or actions taken by Private-Party Defendants prior to April 5, 2012, the claims are time-barred.

### State Defendants' Motion To Dismiss.[13]

In addition to a failure to establish jurisdiction, the Court recommends dismissal of Anderson's claims against the State Party Defendants because: (1) State Court Defendants are entitled to Eleventh Amendment immunity; (2) State Court Defendants are not "persons" under §1983; (3) Individual State Defendants Herbert and Reyes are not constitutionally required to conduct investigations; (4) Anderson's claim for injunctive and declaratory relief fails; (5) Plaintiff does not allege that Defendant McClellan acted under color of state law; and

---

[12] Nonetheless, with respect to the Eviction Lawsuit, the record does not support a lack of due process. Instead, the record reflects that a hearing was held on Plaintiff's motion to dismiss (ECF No. 93-2, ECF No. 93-3), and Anderson filed several post-decision motions, related to his claim that the 2008 eviction ruling denied him due process, which were considered by the court. (ECF No. 93-4, ECF No. 93-5, ECF No. 93-6).

[13] Plaintiff's consolidated complaint names the Eighth District Court "in its official capacity" as a Defendant in this action. (ECF No. 78, ¶¶ 4-5.) There is no return of service on file evidencing service of a summons and complaint on the Eighth District Court. Regardless, State Defendants contend that Anderson's claims against the Eighth District Court are defective and subject to dismissal for the same reasons asserted by the other named State Courts.

(6) Anderson's claims are barred under the relevant four year statute of limitations period.

When necessary to its analysis, the Court divides the State Defendants into two groups. First, the State Court Defendants (State Court Defendants) which includes the Third District Court, the Utah Court of Appeals and the Eight District Court.[14] The second group includes Individual State Court Defendants (Individual State Court Defendants) Gary Herbert, Sean Reyes and Clark A. McClellan in his official capacity.

Each of the State Defendants' arguments are addressed herein.

### Claims Against The State Court Defendants Are Barred By Eleventh Amendment Sovereign Immunity.

The Eleventh Amendment to the United States Constitution states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI. Absent a state's express waiver of immunity, the Eleventh Amendment bars federal suits against a state or state officials acting in their official capacity. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L.Ed. 2d 662 (1974); *see generally Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L.Ed. 2d 301 (1991)*; Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed. 2d 358 (1979). State courts are considered to be "arms of the state" and Eleventh Amendment immunity applies to §1983 suits brought against them. *See Quern,* 440 U.S. at 345 (1979), *See also* 13 Charles Alan Wright et. al., *Federal Practice and Procedure* § 3524.2, at 324-25 (3d ed. 2008); *Kerkhoff v. West Valley City Dist. Ct.,* 2015 U.S. Dist. LEXIS

---

[14]*But see*  ftn. 13.

19406 (D. Utah, Feb. 17, 2015) (unpublished).[15]

An exception to state sovereign immunity exists under *Ex Parte Young. Ex Parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 52 L.Ed. 714 (1908). Pursuant to the *Ex Parte Young* doctrine, an action may be brought against a state official, acting in an official capacity, if there is an "ongoing violation of federal law" that "seeks relief properly characterized as prospective." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) (*citing Verizon Md., Inc. v. Pub. Serv. Comm'n.,* 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L.Ed. 2d 871 (2002). Relying upon the doctrine, Plaintiff asserts he is entitled to sue the State Court Defendants because his claims against them seek "prospective injunctive relief." (ECF No. 92).[16] That said, the Tenth Circuit has established that *Ex Parte Young* relief is not available against states or state agencies and therefore the exception does not apply to Plaintiff's claims. *See Buchwald v. Univ. of New Mexico Sch. Of Med.,* 159 F.3d 487, 495 (10th Cir. 1998) (*Ex Parte Young* exception to sovereign immunity "has no application in suits against the States and their agencies, which are barred regardless of the relief sought.") (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy,*

---

[15]In the Tenth Circuit, the test of whether an entity is an arm of the state "asks whether a judgment against the particular entity would be payable by the state, and then examines the following additional factors: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf." *New Mexico ex. Rel. Nat'l. Educ. Ass'n. of New Mexico, Inc. v. Austin Capital Mgmt. Ltd.,* 671 F. Supp. 2d 1248, 1252 (D. N. M. 2009) (*citing Sturdevant v. Paulsen,* 218 F.3d 1160, 1165-66 (10th Cir. 2000).

[16]Anderson also argues he is entitled to sue State Defendants in federal court because he is entitled to attack "a void judgment at any time, in any proceeding." (ECF No. 92, pg. 11.) The Court previously addressed Plaintiff's voidness claims in conjunction with the Private Party Defendants motion to dismiss. The court applies its analysis to Plaintiff's claim against State Defendants and similarly concludes the state court judgments which Anderson seeks to attack are not void. *See supra* pg. 15.

*Inc.,,* 506 U.S. 139, 146, 113 S. Ct. 684, 121 L.Ed.2d 605 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3507, L. Ed. 2d 1114 (1978) (claim against state for mandatory injunction is barred by the Eleventh Amendment).

In this case, the State Court Defendants are immune from suit in federal court and have not waived immunity. *See Edelman*, 413 U.S. at 653 (1974); UCA  §63G-7-101 *et seq*. (2010); *See also Buck v. Utah Labor Comm'n.,* 73 F. App'x 345 (10th Cir. 2003) (holding the Eleventh Amendment shields the State of Utah from claims alleging violations of §1983); *Sutton v. Utah State School for Deaf and Blind,* 173 F.3d 1226, 1233-34 (10th Cir. 1999); *Ball v. Div. of Child and Family Services,* 2012 U.S. Dist. LEXIS 55481, *10 (D. Utah, April 19, 2012) (state retained sovereign immunity for civil rights claims against state officials brought in their official capacity). The *Ex Parte Young* exception does not apply and therefore the Eleventh Amendment protects State Court Defendants from Anderson's claims .

### State Courts Defendants Are Not "Persons" For Purposes of §1983.

Section 1983 provides a federal cause of action against:

> any person who, under color of any statute, ordinance, regulation, custom or usage, of any State. . . subjects. . . any citizen of the United States. . . to the deprivation of any rights. . . secured by the Constitution.

42 U.S.C. § 1983. In order to be sued under §1983, an entity must be a "person" as that term is defined by the courts. *Ambus v. Utah State Bd. of Educ.,* 858 P.2d 1372, 1376 (Utah 1993) (*citing Will v. Mich. Dep't. of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed. 2d 45 (1989) "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, . . . is a 'person; within the meaning of §1983.'" *Harris v. Champion,* 53 F.3d 901, 905-06 (10th Cir. 1995); *Will*, 491 U.S. at 71 (1989).

As an arm of the state, the State Court Defendants are not persons for purposes of §1983 and cannot be sued in federal court. As a result, the court recommends dismissal of Plaintiff's claims against State Court Defendants.

### Individual State Defendants Herbert And Reyes Are Not Constitutionally Required To Conduct Investigations.

Plaintiff asserts individual State Defendants, Herbert and Reyes, failed to investigate co-defendant McClellan's actions or look into the circumstances surrounding Plaintiff's eviction. (ECF. No. 78, ¶¶ 493-507.) In doing so, Plaintiff alludes to corruption in the Utah courts, collusion between law firms and the courts[14] and a failure by Herbert and Reyes to protect citizens from unspecified acts of collusion.[15] *Id.*

Individual State Defendants Herbert and Reyes' alleged failure to conduct an investigation does support a violate of any federal right, and Anderson fails to assert any ongoing violation of federal law by either Defendant. *See Garner v. Stephan,* 968 F.2d 19, 1992 U.S. App. LEXIS 25262 (10th Cir. June 19, 1992) (unpublished); *Lee v. U.S. Dept. of Justice,* 366 Fed. Appx. 177, 2010 U.S. App. LEXIS 1465 (D.C. Cir. June 10, 2010) (unpublished); *Fedorowicz v. Pearce* 2015 U.S. Dist. LEXIS 37290 (10th Cir. Utah, Jan 6, 2016).

---

[14]Specifically, Plaintiff alleges,"[t]he problem of collusion with Utah Courts and large law firms has been going on for many years to the determent [sic] of pro se litigants, and attorneys that are sole practitioners, and needs to be addressed." (ECF No. 78, ¶496.)

[15]Anderson claims "[t]wo years is more than enough time for Mr. Reyes and Governor Herbert to investigate Anderson's claims of fraud upon the court and denial of due process; especially when the fraud is spelled out in this law suit [sic] with past complaints, and the fraud upon the courts and denial of due process is a matter of law, which is easy to check." (ECF No. 78, ¶503.)

**Anderson's Claim For Injunctive And Declaratory Relief**
**Against Individual State Defendants Herbert And Reyes Fails.**

Anderson's complaint limits his claims against Defendants Herbert and Reyes to official capacity claims for unspecified injunctive and declaratory relief. (ECF No. 78, p.100.) ("Anderson requests that the court award relief against State defendants for injunctive and declaratory relief, and monetary relief against private defendants and State defendants acting in their individual capacity.") As discussed previously, under *Ex Parte Young* a party may bring an action against a state official if Plaintiff raises an allegation of "'an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Buchheit v. Green,* 705 F.3d 1157, 1159 (10th Cir. 2012) (*quoting Verizon Md., Inc. v. Pub. Serv. Comm'n.,* 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed 2d 871 (2002) (quotation omitted).[16] In addition, the complaint must raise "some connection" between the named state official and the enforcement of a challenged law. *See Cressman v. Thompson*, 719 F.3d 1139, 1146, n. 8 (10th Cir. 2013).

Plaintiff asserts Individual State Defendants Herbert and Reyes failed to investigate his claims of corruption and collusion. In doing so, Anderson does not allege that Herbert or Reyes are engaged in any ongoing violation of federal law or that there is a connection between Defendants and the enforcement of a challenged state law. Moreover, Plaintiff fails to indicate what type of injunctive or declaratory relief he seeks or to explain how Herbert and Reyes could provide Anderson with any relief that might be sought.

Additionally, the only challenge to state law even raised appears to be Anderson's claim that the Utah Rules of Civil Procedure are unconstitutional for failure to allow collateral attacks

---

[16]*See Supra,* pg. 20-21.

on void judgments. (ECF No. 78, ¶¶338-341.) Plaintiff fails, however, to specify which of the Utah Rules of Civil Procedure rule is constitutionally infirm or to demonstrate how application of a Rule somehow deprived Anderson of an identified constitutional right. There is no constitutional right to an investigation and Plaintiff's allegation that Defendants Herbert and Reyes refused to do so does not amount to a violation of federal law.

Upon review, it appears that Anderson claims for injunctive and declaratory relief are actually more properly characterized as attempts to address perceived past wrongs through the reversal of prior court rulings. Such relief is not categorized as prospective and the *Ex Parte Young* doctrine does not apply. *See Buchheit,* 705 F.3d at 1159 (10th Cir. 2012) (because Plaintiff "is merely seeking to address alleged past harms rather than prevent prospective violations of federal law, . . . [the relief requested is] retrospective.").

Accordingly, on these grounds the court recommends dismissal of Anderson's claims against Individual State Defendants Herbert and Reyes.

### Plaintiff's Official Capacity Claims Fail Because McClellan Did Not Act Under Color Of State Law.

In order to state a §1983 claim against Defendant in his official capacity, Plaintiff must show that individual State Defendant McClellan acted under color of state law or authority. *Barnard v. Young*, 720 F.2d 1188, 1188-89 (10th Cir. 1983). In general, an official acts under color of state law when there is a misuse of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996) (*quoting West v. Atkins,* 487 U.S. 42, 48, 101 L.Ed. 2d 40, 108 S. Ct. 2250 (1988) (citation and quotation omitted). The "'acts [of a state employee] in the

ambit of their personal pursuits," are not considered to be actions under color of state law. *Hall v. Witteman,* 584 F.3d 859, 866 (10th Cir. 2009) (*quoting Screws v. United States*, 325 U.S. 91, 111, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945) (plurality opinion).

Standing alone, an "objective indicia of state authority" is insufficient to bring an official's "'purely personal pursuits' within the scope of § 1983." *Dry v City of Durant,* 242 F.3d 388; 2000 U.S. App. LEXIS 36760 (10th Cir. Okla. Dec. 19, 2000) (unpublished). Thus,

> before conduct may be fairly attributed to the state because it constitutes action under color of state law, there must be a real nexus between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant.

*Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1156 (10th Cir. 2016) (citations and quotations omitted).

Anderson alleges McClellan exploited his title. (ECF No. 78, ¶¶ 298-302.) But, Plaintiff does not claim that McClellan abused or utilized any state power vested in his judicial office for conduct that he undertook as a private attorney. *See Hall v. Witteman,* 584 F.3d 859, 866 (10th Cir. 2009) ("[e]xploiting the personal prestige of one's public position is not state action absent at least some suggestion that the holder would exercise governmental power."); *see also Byrne v. Kysar,* 347 F.2d 734 (7th Cir. 1965) (assistant state attorney who executed petition by adding his official title to his signature did not act under color of state law within the meaning of §1983.) Anderson fails to state any facts that support a claim of McClellan acting under color of state law or authority or threatening to use the power of his office to influence the outcome of any proceeding. As a result, the court recommends dismissal of any claims brought by Plaintiff against McClellan in his official capacity

### Plaintiff's Claims Are Barred By The Four Year Statute of Limitations.

In Utah, §1983 claims are governed by a four year statute of limitations period. *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012); Utah Code Ann. § 78B-2-307(3) ("An action may br brought within four years. . . for relief not otherwise provided for by law.").  Actions brought under § 1983 accrue on the date of the constitutional violation. *Id*. (citation omitted.)  A relevant statute of limitations period may only be equitably tolled under two circumstances:

> (1) where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct, and (2) where the case present exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

*Eyring v. Fondaco,* 2015 U.S. Dist. LEXIS 2702 *7-8 (*citing Helfrich v. Adams* 2013 UT App 37, 299 P.3d 2, 6 (Utah App. 2013).  Before a statute of limitations period may be equitably tolled, "the plaintiff must make an initial showing that he did not know nor should have reasonably know the facts underlying the cause of action in time to reasonably comply with the limitations period."  *Id.* (*quoting Berneau v .Martino*, 2009 UT 87, 223 P.3d 1128, 1134 (Utah 2009).

The eviction, which is the core of Plaintiff's dispute, took place in December, 2008. (Dkt. No. 86-1.) Anderson's original complaint against State Defendants Herbert, Reyes, the Third District Court and the Eighth District Court was filed on February 5, 2015. (ECF No. 1) On April 5, 2016, Plaintiff first raised his official capacity claims against McClellan (*see* 2:16-cv-271), and on January 5, 2017, Anderson first raised his claims against the Utah Court of Appeals. (ECF No. 78.) According, any claims arising against State Defendants Herbert, Reyes before February 5, 2011, any official  capacity claims arising against McClellan arising before April 5, 2012, and

any claims against the Utah Court of Appeals arising after January 5, 2013 are untimely.

## RECOMMENDATION

For the reasons as set forth herein, the Magistrate Judge hereby RECOMMENDS that the Private-Party Defendants' (ECF No.86) and the State Defendants' (ECF No. 88) motions to dismiss Plaintiff's consolidated complaint (ECF No. 78) be GRANTED.

Copies of the foregoing Report and Recommendation shall be sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy of the Report and Recommendation, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

DATED this 16th day of June, 2017.

_____
Dustin B. Pead
U.S. Magistrate Judge